Dear Mr. Riddle:
This office is in receipt of your request for an Opinion of the Attorney General regarding whether the Avoyelles Parish Police Jury can pass an ordinance prohibiting boats with outboard motors on Bayou DeGlaises.
In 1984, the Louisiana Legislature enacted La. R.S.34:851.27, which, since its amendment 1986, states, in pertinent part:
 A. Through the passage of this part, the state reserves to itself, through the [Wildlife and Fisheries Commission], the right to regulate the operation and to establish the minimum equipment requirements of vessels and motor boats. . . . [A]ll political subdivisions of this state are expressly prohibited from regulating watercraft in any respect, including, but not limited to, their operation, minimum equipment requirements, registration (with or without a fee) or inspection.
By this statute, the state, through the Wildlife and Fisheries Commission, has reserved to itself the authority to regulate the operation of all watercraft in the waters of the state. "Operate" is defined in R.S. 56:851.2(8) to mean "to navigate or otherwise use a motorboat or vessel." "Motorboat" is defined in R.S. 56:851.2(3) and means "any vessel equipped with or propelled by any type of machinery whether or not such machinery is the principal source of proportion. . . ." We believe that the phrase "operation of all watercraft" includes the authority to determine whether to prohibit the use of outboard motors on designated water bodies of the state. This therefore is an area of regulation that the state has reserved exclusive jurisdiction to itself. It is therefore the opinion of this office that the Avoyelles Parish Police Jury does not have the authority to pass an ordinance prohibiting boats with outboard motors from Bayou DeGlaises.
We trust the foregoing has been helpful. Should you have any further questions please contact our office.
Sincerely,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: FREDERICK C. WHITROCK
Assistant Attorney General
RPI/FCW/crt